# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-357

STATE OF LOUISIANA

VERSUS

$3,356,183.00 U.S. CURRENCY (APPROXIMATELY) ( IN POSSESSION OF DEAN BODENDIECK)

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-732-03
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**********

ON REHEARING

**********

MARC T. AMY
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

**ORIGINAL OPINION RECALLED AND VACATED. ON REHEARING, JUDGMENT OF THE TRIAL COURT AFFIRMED.**

**Genovese, J., concurs in part, dissents in part and assigns reasons.**

Charles L. Bull, Jr.
Post Office Box 400
Welsh, LA 70591
(337) 734-2811
COUNSEL FOR APPELLANT:
    Dean Bodendieck

Norman Silverman
801 Congress, Suite 200
Houston, TX 77002
(713) 526-1515
COUNSEL FOR APPELLANT:
    Dean Bodendieck

**W. Troy McKinney**
**440 Louisiana, Suite 2110**
**Houston, TX   77002**
**(713) 951-9994**
**COUNSEL FOR APPELLANT:**
**Dean Bodendieck**

**Bennett R. LaPoint**
**Post Office Box 1388**
**Jennings, LA   70546**
**(337) 824-1893**
**COUNSEL FOR APPELLEE:**
**State  of Louisiana**

AMY, Judge.

We granted rehearing in this case to reconsider our original ruling in this forfeiture matter. *See State v. $3,356,183.00 U.S. Currency*, 04-357 (La.App. 3 Cir. 12/8/04), _ So.2d _. In its application for rehearing, the State questioned this court's original ruling in favor of the appellant, Dean Bodendieck. On reconsideration, we find in favor of the State.

As indicated in the our original opinion, the State commenced forfeiture proceedings against the currency found during the stop of the vehicle driven by Mr. Bodendieck. The State issued a Notice of Pending Forfeiture pursuant to La.R.S. 40:2608, which provides, in pertinent part:

> Forfeiture proceedings shall be commenced as follows:
>
> . . . .
>
> (3) Whenever Notice of Pending Forfeiture or service of an in rem petition is required under the provisions of this Chapter, notice or service shall be given in accordance with one of the following:
>
> (a) If the owner's or interest holder's name and current address are known, by either personal service or by mailing a copy of the notice by certified mail to that address.
>
> (b) If the owner's or interest holder's name and address are required by law to be recorded with the parish clerk of court, the motor vehicle division of the Department of Public Safety and Corrections, or another state or federal agency to perfect an interest in the property, and the owner's or interest holder's current address is not known, by mailing a copy of the notice by certified mail, return receipt requested, to any address of record with any of the described agencies.
>
> (c) If the owner's or interest holder's address is not known and is not on record as provided in Subparagraph (b) of this Paragraph, or the owner or interest holder's interest is not known by publication in one issue of the official journal in the parish in which the seizure occurs.

As Mr. Bodendieck denied ownership of the currency at the time he was interviewed by the Louisiana State Police, and thus, the State asserts that the true owner was unknown, notice was made pursuant to Subsection (3)(c). The record indicates that

Notice of Pending Forfeiture was published in the Jennings Daily News on October 10, 2003.

Mr. Bodendieck forwarded a "Claim/Affidavit" to the District Attorney's Office for Jefferson Davis Parish. The State subsequently filed the "Motion to Strike Claim," now at issue, questioning the validity of the claim. Mr. Bodendieck asserted that the motion to strike was an improper procedural vehicle for questioning his right of action as the motion was not in response to a pleading. *See* La.Code Civ.P. art. 964 (emphasis added), which provides: "The court on motion of a party or on its own motion may at any time and after a hearing order *stricken from any pleading* any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." As referenced by Mr. Bodendieck, a motion to strike is intended as "a means of cleaning up the pleadings, not a means of eliminating causes of action[] or substantive allegations." *Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.*, 01-0345, pp. 7-8 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98, *writ denied*, 01-2115 (La. 7/26/01), 794 So.2d 834.

The procedural method chosen by the State was a mechanism to challenge Mr. Bodendieck's standing to assert the purported claim in light of his previous disavowal of any ownership interest in the subject property. The particular name by which the substance of the motion is denominated, we find incidental. *See* La.Code Civ.P. art. 865, which states: "Every pleading shall be so construed as to do substantial justice." When reviewed in this light, as the trial court did, it is clear that Mr. Bodendieck had no right to pursue the claim. Thus, however styled, we see no fatal error in the trial court's consideration of the matter.

Neither do we find error in the trial court's determination that Mr. Bodendieck's claim was not a valid one. First, we observe that Mr. Bodendieck's purported claim was deficient for purposes of La.R.S. 40:2610, which provides:

> A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.
>
> B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing and shall set forth all of the following:
>
> (1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
>
> (2) The address where the claimant will accept mail.
>
> (3) The nature and extent of the claimant's interest in the property.
>
> (4) The date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property.
>
> (5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
>
> (6) All essential facts supporting each assertion.
>
> (7) The specific relief sought.

Mr. Bodendieck's purported claim is noticeably deficient with regard to Subsections B(3),(4) and (6), insofar as he states that he asserts an ownership interest, but fails to identify this interest with specificity. In the "Claim/Affidavit," Mr. Bodendieck states only that:

> For Purposes of compliance with La.R.S. 40:2610, AFFIANT, DEAN BODENDICK [sic], asserts that he has an ownership and/or possessory interest in approximately $3,351,000.00 in U.S. Currency [the property] that was seized by the Louisiana State Police on or about October 8, 2003. Affiant has learned that a Notice of Pending Forfeiture

3

has been issued asserting that the State of Louisiana intends to pursue forfeiture proceedings against the property pursuant to the Louisiana Seizure and Controlled Dangerous Substances Property Forfeiture Act [La.R.S. 40:2600 et seq.].

Although Mr. Bodendieck's statement continues, the above portion of the purported claim is that which is related to his alleged ownership interest. In closing the affidavit, Mr. Bodendieck states broadly that: "At this time Affiant specifically invokes his right against self-incrimination as guaranteed to him by the Fifth Amendment to the United States Constitution and Article I, Section 16 of the Louisiana Constitution and declines to give evidence that may be used in a forfeiture proceeding unless and until the State meets its burden of proving by a preponderance of the evidence that the seized property is forfeitable under the laws of this state."

The invocation of Mr. Bodendieck's right against self-incrimination was not an obstacle to the continuation of the proceedings. In *State v. $8,000.00 U.S. Currency*, 02-0224, p. 7 (La.App. 3 Cir. 10/2/02), 827 So.2d 634, 639, a case in which the ability to fulfill the conditions of La.R.S. 40:2610(B) was at issue, a panel of this court stated:

> While it is true that the answers to such questions could be self-incriminating or lead to prosecution for perjury or false-swearing, the statute does not violate any constitutional guarantees. If one does not wish to incriminate himself or subject himself to prosecution for perjury or false swearing, he simply does not file a claim under La.R.S. 40:2610, as the filing of such a claim is not required. However, if a claim is filed under the statute, it must conform to the statute's requirements.

Accordingly, we find no error in the determination that the claim form was deficient.

In addition to the deficiency of the claim form, Mr. Bodendieck's purported claim lacks merit in an additional respect. Here, Mr. Bodendieck immediately denied ownership of the currency. This denial was testified to by the investigating State Trooper and is memorialized in a "Disclaimer of Currency or Property," signed by

4

Mr. Bodendieck and referenced in the opinion on the original hearing of this matter. Certainly this was evidence to be considered by the trial court in determining the validity of Mr. Bodendieck's claim. Furthermore, within this document, Mr. Bodendieck also waived any right he may have had to notice of seizure or forfeiture proceedings. Despite having waived this right to notice, Mr. Bodendieck obviously had such notice, whether through printed media per La.R.S. 40:2608(3)(c) or otherwise, as is apparent from the filing of the purported claim currently under review.

Mr. Bodendieck asserts that consideration of the validity of the purported claim prior to the filing of a Petition for Order of Forfeiture deprived him of an opportunity to contest the validity of the stop. This argument is without merit for two reasons. First, as he denied any interest in or ownership of the currency, filed a deficient claim form, and failed to produce any evidence of his ownership or ownership interest, Mr. Bodendieck obviously lacks standing to question the validity of the stop in this forum. Due to his lack of interest in the currency, his personal assertion of an invalid stop is irrelevant in this context. However, his assertion of an invalid stop may be relevant during a future proceeding at which he does have an interest, *e.g.*, related criminal proceedings. Moreover, the trial court, in fact, accepted evidence and heard testimony at the claim hearing, relating both to the question of his ownership/ownership interest and his assertion that the stop was illegal. Mr. Bodendieck testified, as did the involved law enforcement personnel. He was presented with an opportunity to cross-examine witnesses of the State and present those of his own. In short, he was provided with an adequate opportunity to be heard.

5

Mr. Bodendieck's assertion that the denial of his purported claim was in error is without merit. Accordingly, we recall and vacate our previous decision in this matter. *See $3,356,183.00 U.S. Currency*, _ So.2d _.

## DECREE

For the foregoing reasons, the previous judgment of this court in this matter is recalled and vacated. The judgment of the trial court is affirmed. All costs of this appeal are assigned to the appellant, Dean Bodendieck.

**ORIGINAL OPINION RECALLED AND VACATED. ON REHEARING, JUDGMENT OF THE TRIAL COURT AFFIRMED.**

NUMBER 04-357

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

$3,356,183.00 U.S. CURRENCY (APPROXIMATELY)

(IN POSSESSION OF DEAN BODENDIECK)

GENOVESE, J., concurring in part, dissenting in part.

I concur with the majority affirming the trial court's judgment on the motion to strike claim, but dissent from the majority on the petition for forfeiture due to non-compliance with La.R.S. 40:2612, and lack of due process.

In this case, the trial court held a hearing on the State's petition for forfeiture on the same day it was filed, set instanter, immediately following the hearing on the State's motion to strike claim. The defendant did not waive his rights in this matter and was not given the required fifteen days to answer or any opportunity for discovery as required by La.R.S. 40:2612. This constitutes a lack of due process and the case should be remanded to the trial court for compliance with La.R.S. 40:2612. In all other respects, I concur.